IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY KAFFERTY PUGHSLEY ) <br> (#2022-0310002), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COOK COUNTY DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> ) <br> Defendants. ) | No. 22-cv-02595 <br><br> Judge Andrea R. Wood |

## ORDER

The Court grants Plaintiff's application to proceed *in forma pauperis* [3], waives the initial partial filing fee, and authorizes and orders the trust fund officer at Plaintiff's place of custody to begin collecting monthly deductions from his account for payment to the Clerk toward the filing fee as detailed in the "Statement" section of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice, as he has not demonstrated that he has made reasonable efforts to locate his own counsel. Plaintiff must continue to seek pro bono (free of charge) legal assistance by writing attorneys, law firms, or organizations and describing his claims. If he renews his motion again, he must identify the attorneys or organizations he contacted and summarize the responses he received. The Court dismisses Plaintiff's complaint [1] on initial review because it contains improperly joined claims. Plaintiff is granted until 8/26/2022 to submit an amended complaint that follows the instructions in this Order. If he does not comply by 8/26/2022, the Court will summarily dismiss this case. Plaintiff must promptly advise the Clerk if his address changes while this case is pending. If he does not do so, this case will be subject to dismissal with no further warning. The Clerk is directed to: (1) send a copy of this Order (electronically if possible) to the trust fund officer at the Cook County Jail and the Court's fiscal department; and (2) send Plaintiff a copy of this Order, along with an amended civil rights complaint form and instructions.

## STATEMENT

Cook County detainee Roy Kafferty Pughsley initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 concerning multiple aspects of his confinement at the Cook County Jail. His application for leave to proceed *in forma pauperis* and complaint are now before the Court.

### I.

Pughsley has not received any income since his detention in March 2022 and appears to have been homeless prior to that time. The Court thus grants his *in forma pauperis* application, waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4), and authorizes and orders the trust fund officer at Pughsley's place of custody to collect monthly installments from his trust fund account and pay the money directly to the Clerk toward the filing fee. *See* 28 U.S.C. § 1915(b)(2). Monthly payments from Pughsley's trust fund account should reflect an amount equal to 20% of the preceding month's income credited to the account and should be forwarded to the Clerk each time the amount in the account exceeds $10 until the $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Pughsley's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Pughsley's transfer to another correctional facility.

### II.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court must screen a *pro se* prisoner's complaint to ensure that it states a valid claim against a defendant who is not immune from liability. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Pughsley's complaint need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court assumes the truth of Pughsley's allegations for the purposes of initial review, *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), and construes his *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Pughsley alleges that he gave law library assistant Joseph "original copies of paged affidavits and motions to the United States Supreme Court to create duplicates that [he] needed to send out to the Illinois Attorney General and Governor on the date April Thirteenth 2022." (Dkt. No. 1 at 4.) After Officer Greer brought Pughsley's copies to him, Pughsley realized that he had only received copies of five pages of his nine-page document and "the originals were missing." (*Id*.)

On an unspecified date, mental health professional Van D'Jaun, Officer Greer, and others were "loudly discussing intricacies of a legal matter" relating to Pughsley's mental health. Pughsley asserts that this violates his rights under the Health Insurance Portability and Accountability Act" ("HIPAA"). (*Id*.) He also alleges that, "they're denying my right to obtain a copy of those mental health medical records of said violation." (*Id*.)

Pughsley's complaint then shifts to March 22, 2022, when he told a correctional officer that he feared "imminent bodily harm and rape" because "the majority of inmates" in his housing tier had discovered that he is "an undercover agent of the Federal Bureau of Investigations" who

was responsible for their detention at the Jail because he had "committed" them "as public nuisances to the communities." (*Id*. at 5.) Later that evening, another officer told Pughsley that he would be moved from a holding cell back to his tier. (*Id*.) However, Pughsley was transferred to Cermak after he protested. (*Id*.)

Pughsley names the Cook County Department of Corrections, Officer Greer, mental health professional Doug Van D'Jaun, and law library assistant Joseph as defendants in the complaint's caption. The list of defendants in the complaint's body adds "Patterson-Dean," who is not mentioned elsewhere in Pughsley's pleading. His prayer for relief asks for an order "bringing these deviants to justice," reinstating "all [of Pughsley's] prior law enforcement agency accolades and affiliations," and "approv[ing] an order of injunction to all of [Pughsley's] assets." (*Id*. at 6.)

### III.

When the Court disregards the legalese peppering Pughsley's pleading, little remains. *See Iqbal*, 556 U.S. at 678 (explaining that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The Court gleans that Pughsley has three separate concerns: (1) the loss of documents that he wanted to copy and send to the Illinois Attorney General and Governor, and his receipt of an incomplete set of copies of those documents; (2) a "loud[]" discussion of medical information that Pughsley believed was subject to HIPAA and the refusal to give him copies of "mental health medical records of said violation;" and (3) Pughsley's cell assignments on March 22, 2022, after he told a correctional officer that he feared for his safety because other detainees had discovered that he is an undercover FBI agent.

Inmates, like all litigants, must comply with the rules for joining claims and defendants into a single lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing Fed. R. Civ. P. 18, 20); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (inmates "cannot throw all of [their] grievances . . . into one stewpot."). This means that Pughsley may not litigate claims in a single case that are based on unrelated actions taken by unrelated individuals. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). He also may not join defendants in a single action when the claims against each defendant do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and involve "question[s] of law or fact common to all defendants." *Thompson v. Bukowski*, 812 Fed. App'x 360, 363 (7th Cir. 2020) (quoting Fed. R. Civ. P. 20(a)(2)); *see also Richter v. Wexford Health Sources, Inc.*, 838 Fed. App'x 193 (7th Cir. 2021) ("district courts should prohibit prisoners from attempting to join unrelated claims and defendants"); *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) (explaining that "scattershot [pleading] strategy is unacceptable under . . . the Federal Rules of Civil Procedure and the Prison Litigation Reform Act[.]").

Pughsley's three claims involve discrete questions of law and fact. *See Thompson*, 812 Fed. App'x at 363 (claims turning on different questions of law and fact should be resolved separately). This is the case even though they all arose at the jail, as the fact that an inmate's claims happened at the same facility is not enough to show that joinder is proper. *Id*. Thus, Pughsley may not join his current claims in a single lawsuit. *See Richter*, 838 Fed. App'x at 193 (the district court "permissibly required Richter to limit his complaint to one set of properly joined claims").

3

For these reasons, the Court dismisses Pughsley's complaint with leave to submit a narrowed amended complaint. If Pughsley decides to submit a narrowed amended complaint, he must focus on a single claim, identify the individuals who allegedly wronged him, and provide a basic description about specific actions they did or did not take that, in Pughsley's view, violated his federal constitutional rights. Pughsley is cautioned, however, that the Court is allowing Pughsley to amend so he can narrow his pleading; not so that he may add new claims that did not appear in his original complaint. If he fails to narrow his claims as instructed, this lawsuit may be dismissed for failure to comply with a Court order.

Any amended complaint must comport with Federal Rule of Civil Procedure 11(b), which provides that by signing a pleading, a party represents to the Court that his or her claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Pughsley must write the case number and the judge's name on the amended complaint and return it to the Prisoner Correspondent. Pughsley is cautioned that an amended pleading supersedes prior versions of a complaint and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint without reference to other versions of the complaint. Any exhibits Pughsley wants the Court to consider in its threshold review must be attached (although exhibits are not necessary). Pughsley is advised to keep a copy of his submission for his files. In addition, each submission moving forward must indicate the date that he gave it to correctional authorities for mailing. If Pughsley does not submit an amended complaint as instructed by August 26, 2022, this case will be summarily dismissed.

Date:   July 1, 2022

Andrea R. Wood
United States District Judge